**WO**                                                                                              MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Ambrose, Jr., | No. CV 06-2657-PHX-SMM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| The State of Arizona, et al., | |
| Defendants. | |

On November 6, 2006, Plaintiff Raymond Ambrose, Jr., who is confined in the Arizona State Prison Complex in Tucson, Arizona, lodged a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #2) based on events that took place at the Arizona State Prison Complex in Buckeye, Arizona. He has filed a Motion to Exceed Number of Pages (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #4). The Court, in its discretion, will grant the Motion to Exceed, grant the Application to Proceed, and order the Clerk to file the lodged Complaint. The Court will order Defendants State of Arizona, Ramos, Romweber, Mummert, Berger, Holmes, Bevins, Misty Taylor, Lynch, and Rivers to answer Counts 1 through 18, 20, 22, 24, 26, 28, 30, and 34 of the Complaint. The Court will dismiss the remaining Defendants and claims without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1).

**TERMPSREF**

1  The Court will assess an initial partial filing fee of $6.53. The remainder of the fee will be
2  collected monthly in payments of 20% of the previous month's income each time the amount
3  in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate
4  Order requiring the appropriate government agency to collect and forward the fees according
5  to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**III.    Complaint**

In his 37-count Complaint, Plaintiff sues Defendants State of Arizona; Arizona Department of Corrections (ADOC) Director Dora B. Schriro; Deputy Warden D.W. Ramos; Deputy Warden Mary J. Romweber; Captain Eugene G. Mummert; Lieutenant Berger; Sergeant Holmes; Lieutenant Bevins; Corrections Officer (C.O.) II Misty Taylor; C.O. II Lynch; Criminal Investigator D.L. Rivers; C.O. III Jimmy R. Houx; C.O. III Taylor,[1] and C.O. IV Mejia.

In Count 1, Plaintiff alleges that Defendant Misty Taylor violated the Eighth Amendment by allowing Plaintiff to be "brutally beaten" while inside his secured cell. Plaintiff asserts that Defendant Misty Taylor acted with deliberate indifference and reckless disregard when she allowed an "out of place" inmate to exit his cell, walk through the security slider door, open Plaintiff's secured cell door, enter Plaintiff's cell, and brutally beat Plaintiff, causing him physical, mental, and emotional injuries. Plaintiff also contends that

---

[1] Hereinafter, Defendant C.O. II Misty Taylor will be referred to as "Defendant Misty Taylor" and Defendant C.O. III Taylor will be referred to as "Defendant C.O. III Taylor."

this conduct constituted pendent state law claims of negligence and gross negligence (Count 2) and intentional and negligent infliction of emotional distress (Count 3).

In Count 4, Plaintiff alleges that Defendant Holmes violated the Eighth Amendment when he came to Plaintiff's cell after the beating and, with deliberate indifference and reckless disregard, asked Plaintiff, in front of other inmates, how he had received his injuries. Plaintiff asserts that this resulted in a "snitch jacket" being placed on Plaintiff, which placed him in substantial risk of harm. Plaintiff contends that, after he was transferred to a different unit, inmates immediately approached him, informed him that they did not want him on the yard because they had heard he was a snitch, and threatened him if he did not leave. Plaintiff also asserts that this conduct constituted pendent state law claims of negligence and gross negligence (Count 5) and intentional and negligent infliction of emotional distress (Count 6). Plaintiff makes similar factual allegations and legal claims against Defendant Lynch (Counts 7, 8, and 9).

In Count 10, Plaintiff alleges that Defendant Berger violated the Eighth Amendment because, as shift commander, she acted with deliberate indifference by creating systematic deficiencies in staffing and a lack of adequate inmate supervision that "play[ed] a part" in Defendant Misty Taylor's misconduct and Plaintiff's beating. Plaintiff also asserts that this conduct constituted pendent state law claims of negligence and gross negligence (Count 11) and intentional and negligent infliction of emotional distress (Count 12). Plaintiff makes similar factual allegations and legal claims against Defendant Mummert (Counts 13, 14, and 15) and Defendant Ramos (Counts 16, 17, and 18).

In Count 19, Plaintiff alleges that Defendant Bevins violated § 1983 by engaging in a conspiracy with other officers to cover up Defendant Misty Taylor's involvement in Plaintiff's assault "for the purpose of impeding, hindering, obstructing, or defeating in any manner the 'due course of justice,' with the intent to deny the Plaintiff the equal protection of the laws." Plaintiff also asserts that this conduct constituted pendent state law claims of negligence, gross negligence, and intentional infliction of emotional distress (Count 20). Plaintiff makes similar factual and legal claims against Defendants

1  Lynch (Counts 21 and 22), Rivers (Counts 23 and 24), Berger (Counts 25 and 26), Mummert
2  (Counts 27 and 28), and Romweber (Counts 29 and 30).

3  In Counts 31, 32, 33, and 35, Plaintiff contends that Defendants Houx,
4  C.O. III Taylor, Mejia, and Schriro violated his First Amendment right to petition the
5  government for the redress of grievances. In Count 31, he alleges that Defendant Houx failed
6  to respond to multiple informal resolutions that Plaintiff filed, responded to one inmate letter
7  by sending Plaintiff a grievance form, and did not respond to a second letter. In Count 32,
8  Plaintiff alleges that Defendant C.O. III Taylor failed to respond to an inmate letter and
9  "short stopped" two grievances by failing to timely respond to them, process them,
10 investigate them, or send proper appeal. In Count 33, Plaintiff asserts that Defendant Mejia
11 failed to respond when Plaintiff wrote her to find out why Defendants Houx and C.O. III
12 Taylor were violating policies and "short stopping" all correspondence. Plaintiff also alleges
13 that Defendant Mejia failed to give Plaintiff proper forms to appeal his grievances to a higher
14 level. In Count 35, Petitioner contends that, although Defendant Schriro has the power to
15 promulgate ADOC grievance and employee discipline policies and ensure her subordinates'
16 compliance with them, she violated those policies and allowed her subordinates to violate
17 them.

18 In Count 34, Petitioner contends that Defendant Ramos violated his Eighth
19 Amendment rights because, with deliberate indifference and reckless disregard, Defendant
20 Ramos failed to remedy the fact that Plaintiff was subjected to overcrowding, a lack of
21 airflow in cells, excessive heat, feces and urine in the showers, an inability to participate in
22 recreation because of unsanitary and unhealthy conditions in the recreation areas, and rodent
23 and insect problems.

24 In Count 36, Plaintiff alleges that Defendant Schriro violated his Eighth and
25 Fourteenth Amendment rights because she is responsible for maintaining and implementing
26 various ADOC orders, policies, procedures, codes, and protocols, and is responsible for her
27 staff "carrying [them] out." Plaintiff asserts that Defendant Schriro's subordinates blatantly
28 violated or ignored those orders, policies, procedures, codes, and protocols. In Count 37,

1  Plaintiff also asserts that this conduct constituted a pendent state law claim against Defendant
2  State of Arizona under Arizona Revised Statutes § 31-201.01(F).

3  In his Request for Relief, Plaintiff seeks monetary compensation and "fees,
4  disbursements, and all costs of court and interest thereon."

**IV.    Failure to State a Claim**

    **A.    Conspiracy - Counts 19, 21, 23, 25, 27, and 29**

In Counts 19, 21, 23, 25, 27, and 29, Plaintiff alleges that Defendants Bevins, Lynch, Rivers, Berger, Mummer, and Romweber violated § 1983 by engaging in a conspiracy with other officers to cover up Defendant Misty Taylor's involvement in Plaintiff's assault "for the purpose of impeding, hindering, obstructing, or defeating in any manner the 'due course of justice,' with the intent to deny the Plaintiff the equal protection of the laws."

Plaintiff's allegations in these Counts parrot the language of the second clause of 42 U.S.C. § 1985(2), which states, in relevant part, that it is unlawful for "two or more persons [to] conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws . . . ."  However, in order to state such a claim, Plaintiff must allege that the conspirators' conduct was motivated by the fact that he is a member of a protected race or suspect class. See Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989); see also Santos v. County of Los Angeles Dep't of Children and Family Services., 299 F. Supp. 2d 1070, 1081-82 (C.D. Cal. 2004).  He has failed to do so.  Therefore, the Court will dismiss without prejudice Counts 19, 21, 23, 25, 27, and 29.

    **B.    First Amendment - Counts 31, 32, 33, and 35**

Plaintiff alleges in Counts 31, 32, 33, and 35 that Defendants Houx, C.O. III Taylor, Mejia, and Schriro violated Plaintiff's First Amendment right to petition the government for the redress of grievances in regard to their violations of ADOC policy.

Prisoners have a First Amendment right to petition the government for a redress of grievances and have a First Amendment right to file prison grievances, Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005), but "[t]here is no legitimate claim of entitlement to a

grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Although the Defendants named in these Counts may have violated ADOC's grievance policy, "no constitutional right was violated by the defendants' failure, if any, to process all of the grievances [plaintiff] submitted for consideration." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). See also Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); Baltoski v. Pretorius, 291 F. Supp. 2d 807, 811 (N.D. Ind. 2003) ("The right to petition the government for redress of grievances . . . does not guarantee a favorable response, or indeed any response, from state officials. Moreover, the First Amendment's right to redress of grievances is satisfied by the availability of a judicial remedy."); Ashann-Ra v. Virginia. 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) (failure to comply with state's grievance procedure is not actionable under § 1983 and does not compromise an inmate's right of access to the courts). Thus, the Court will dismiss without prejudice Counts 31, 32, 33, and 35 for failure to state a claim.

### C. Failure to Link - Count 36

In Count 36, Plaintiff alleges that Defendant Schriro violated his Eighth Amendment rights because her subordinates violated and ignored ADOC orders, policies, procedures, codes, and protocols.

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, a civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d

1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Department of Social Services, 436 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

Plaintiff does not allege in Count 36 that Defendant Schriro personally participated in a deprivation of his constitutional rights or that she was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. Nor does Plaintiff allege in Count 36 that Defendant Schriro formed policies that resulted in Plaintiff's injuries; he alleges instead that her subordinates failed to comply with her policies and that this failure resulted in his injuries. Because Plaintiff has failed to demonstrate a link in Count 36 between Defendant Schriro's conduct and Plaintiff's alleged injuries, the Court will dismiss without prejudice Count 36.

### D.     Ariz. Rev. Stat. § 31-201.01(F) - Count 37

In Count 37, Plaintiff asserts that Defendant Schriro's subordinates' violations and disregard of ADOC orders, policies, procedures, codes, and protocols constituted a pendent state law claim under Arizona Revised Statutes § 31-201.01(F) against Defendant State of Arizona.

Section 31-201.01(F) provides that "[a]ny and all causes of action which may arise out of tort caused by the director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state." But that subsection does not state a claim; it "only specifies *who* may be named as a defendant in an inmate's lawsuit based on allegations of tortious acts by [ADOC] personnel; it does not authorize an inmate to file any particular type of tort action." Tripati v. State, 16 P.3d 783, ¶5 (Ariz. App. 2000) (emphasis in original). Therefore, the Court will dismiss without prejudice Count 37 for failure to state a claim, but will not dismiss Defendant State of Arizona from the lawsuit.

**V.      Claims for Which an Answer Will be Required**

Liberally construed, Counts 1 through 18, 20, 22, 24, 26, 28, 30, and 34 state a claim, and the Court will require Defendants State of Arizona, Ramos, Romweber, Mummert, Berger, Holmes, Bevins, Misty Taylor, Lynch, and Rivers to answer those claims.

**VI.     Warnings**

    **A.      Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.      Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.      Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Motion to Exceed Number of Pages (Doc. #1) is **granted**.

(2) The Clerk of Court must **file** the lodged Complaint (Doc. #2).

(3) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #4) is **granted**.

(4) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.53.

(5) Counts 19, 21, 23, 25, 27, 29, 31, 32, 33, 35, 36, and 37, and Defendants Schriro, Houx, C.O. III Taylor, and Mejia are **dismissed** without prejudice.

(6) Defendants State of Arizona, Ramos, Romweber, Mummert, Berger, Holmes, Bevins, Misty Taylor, Lynch, and Rivers **must answer** Counts 1 through 18, 20, 22, 24, 26, 28, 30, and 34.

(7) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #2), this Order, and both summons and request for waiver forms for Defendants State of Arizona, Ramos, Romweber, Mummert, Berger, Holmes, Bevins, Misty Taylor, Lynch, and Rivers.

(8) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(10) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(11)   The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) and (j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons.  If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a)   personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) or (j)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(12)   **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(13)   Defendants State of Arizona, Ramos, Romweber, Mummert, Berger, Holmes, Bevins, Misty Taylor, Lynch, and Rivers must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(14) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(15) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 18th day of January, 2007.

Stephen M. McNamee
United States District Judge